AERONAUTICAL RADIO, INC.,
Appellant,

v.

NATIONAL MEDIATION BOARD et al.,
Appellees.

INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, Appellant,

v.

AERONAUTICAL RADIO, INC.,
Appellee.

Nos. 20128, 20251.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 11, 1967.

Decided June 2, 1967.

Certiorari Denied Oct. 23, 1967.

See 88 S.Ct. 237.

Mr. Raymond G. Larroca, Washington, D. C., with whom Mr. Charles R. Cutler, Washington, D. C., was on the brief, for appellant in No. 20128 and appellee in No. 20251.

Mr. David S. Barr, Washington, D. C., with whom Messrs. Herbert S. Thatcher, Jules Bernstein, Washington, D. C., and David Previant, Milwaukee, Wis., were on the brief, for appellee International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America in No. 20128 and appellant in No. 20251.

Mr. John C. Eldridge, Atty., Department of Justice, with whom Acting Asst. Atty. Gen. J. William Doolittle and Mr. Morton Hollander, Atty., Department of Justice, were on the brief, for appellee National Mediation Board in No. 20128.

Messrs. John E. Stephen, Washington, D. C., and Stuart Bernstein, Chicago, Ill., filed a brief on behalf of Air Transport Assn. of America as amicus curiae.

Before DANAHER, BURGER and WRIGHT, Circuit Judges.

## PER CURIAM:

Under circumstances to be described, the National Mediation Board certified the Teamsters [1] as collective bargaining representatives of a craft employed by Aeronautical Radio, Inc. (ARINC). The company, which is subject to the Railway Labor Act, provides air-ground communications to the nation's airlines throughout the United States, Puerto Rico and Okinawa.

---

1. International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America.

In No. 20128, ARINC seeks reversal of a District Court order which for lack of subject matter jurisdiction had dismissed ARINC's complaint after ARINC had sought to have the Board's certification set aside.

In No. 20251, Teamsters contend that as intervenors in ARINC's action, they were entitled to summary judgment on their counterclaim seeking a mandatory injunction to compel ARINC to bargain with them.

In December 1964, the Teamsters filed an application under section 2, Ninth, of the Railway Labor Act, 45 U.S.C. § 152 (1964), for certification as the bargaining representative of a 400 member craft. Shortly thereafter the Air Line Dispatcher Association, AFL-CIO (ALDA), upon its request, was made a party to the dispute.

The National Mediation Board held hearings and directed an election to be held. The election was conducted by mail. The ballots provided spaces for a vote for the Teamsters, for a vote for ALDA, and one in which an employee could write in the name of "Any Other Organization or Individual." The ballot also provided "No employee is required to vote. If less than a majority of the employees cast valid ballots, no representative will be certified."

The count of the ballots revealed that 147 employees had voted for the Teamsters, 74 had voted for ALDA, but 179 did not vote or submitted void ballots.[2] The Board thereupon certified the Teamsters as the authorized representative of the craft, whereupon ARINC in the District Court sought to have the Board's certification set aside.

Before ARINC's action was dismissed for lack of subject matter jurisdiction, the Teamsters were granted leave to intervene as party defendant. They filed an answer and a counterclaim[3] seeking a mandatory injunction to compel ARINC to bargain with them. The District Court denied the Teamsters' motion for summary judgment on its counterclaim.

I

■ Turning first to the dismissal of ARINC's complaint, it is clear that the jurisdiction of the courts to review employee representation proceedings is extremely limited. Switchmen's Union of North America v. National Mediation Board, 320 U.S. 297, 305, 64 S.Ct. 95, 88 L.Ed. 61 (1943); Railway Clerks v. Employees Assn., 380 U.S. 650, 85 S.Ct. 1192, 14 L.Ed.2d 133 (1965); Bro. of Ry. & S.S. Clerks, etc. v. National Mediation Board, 126 U.S.App.D.C. 55, 58, 374 F.2d 269, 272 (1966). We are not here presented with a situation in which the Board acted "in excess of its delegated powers and contrary to specific prohibition in the Act." Leedom v. Kyne, 358 U.S. 184, 188, 79 S.Ct. 180, 184, 3 L.Ed.2d 210 (1958).

■ ARINC argues that the Board has failed to perform its duty to "investigate" as required by section 2, Ninth, of the Railway Labor Act. Cf. Railway Clerks v. Employees Assn., 380 U.S. at 661–668, 85 S.Ct. 1192. As the Court commented, "This command is broad and sweeping. We should note at the outset that the Board's duty to investigate is a duty to make such investigation as the nature of the case requires." Railway Clerks v. Employees Assn., 380 U.S. at 662, 85 S.Ct. at 1198. Here the Board investigated to the extent of holding an election, ascertaining the results, and designating a bargaining representative. ARINC claims, however, that this "investigation" was deficient in that the results of the election would not permit a rational and non-arbitrary conclusion that the Teamsters were the choice of the majority.

■ The Board's certification reflects a conclusion that since a majority

---

2. All parties agree that these last 179 should be considered as votes for no union. Of this number, 25 ballots were found to be void.

3. Thereafter ARINC filed an answer and a counterclaim seeking an injunction against a threatened strike. ARINC's counterclaim is still pending.

of the employees obviously had voted for *some* representation, the union which became the choice of a majority of those thus voting should be certified. The ballot had expressly provided that if "less than a majority of the employees cast valid ballots, no representative will be certified." Even after taking account of the fact that failure to vote at all is to be treated as a vote for no representation and that the same is true of failure to cast a valid ballot, it is clear that the Board was entitled to view the circumstances in light of the "practicalities of voting—the fact that many who favor some representation will not vote * * *." Railway Clerks v. Employees Assn., 380 U.S. at 669 n. 5, 85 S.Ct. at 1202. To reiterate, more than a majority of the craft voted for union representation. Of those a majority, as noted, had selected the Teamsters, and we think the Board reached a permissible conclusion. In the context of all factors discussed, we will not say that the "investigation" was insufficient, cf. Virginian Ry. v. System Federation No. 40, 300 U.S. 515, 559–562, 57 S.Ct. 592, 81 L.Ed. 789 (1937), for it is clear that the "details of selecting representatives were to be left for the final determination of the Board." Railway Clerks v. Employees Assn., 380 U.S. at 669, 85 S.Ct. at 1202. We conclude that there is no showing that the Board has failed to perform its duty to investigate or that it has acted in excess of its statutory authority. Thus the District Court properly held that it was without jurisdiction, and dismissal of ARINC's complaint was proper.

## II

█ In denying summary judgment on the Teamsters' claim for mandatory injunction, the District Court concluded that "the strong arm of equity should not be exerted to compel the employer to bargain collectively with the union having a plurality of votes when by far the greater number of employees voted for no union at all. The Court may not set aside the certificate, but when its assistance is sought to be invoked by way of a decree in equity, the Court has a right to decline its assistance on the basis of equitable considerations."

In Switchmen's Union of North America v. National Mediation Board, 320 U.S. 297, 307, 64 S.Ct. 95, 100, 88 L.Ed. 61, the Court did not decide "What is open when a court of equity is asked for its affirmative help by granting a decree for the enforcement of a certificate of the Mediation Board * * *." Here we need not detail the powers of an equity court when faced with a suit for a mandatory injunction to compel compliance with section 2, Ninth of the Act. The District Court's refusal to grant the relief requested was based upon what it called "equitable considerations." It is clear, in our opinion, that the only arguable equitable consideration was that the Board's certification of the Teamsters did not represent the choice of the actual majority of all employees in the craft. But there could on this account have been an infirmity only if the Board had not fulfilled its statutory duty to "investigate" and determine the majority choice. "The majority of any craft or class of employees shall have the right to determine who shall be the representative of the craft or class for the purposes of this Act," section 2, Fourth. Since the contention to the contrary on this phase of the case has been rejected in our examination of whether the District Court had jurisdiction of ARINC's suit, and no other equitable ground has been made to appear on which relief should be denied, the decision of the District Court should be reversed. Cf. Virginian Ry. v. System Federation, 300 U.S. 515, 559–562, 57 S.Ct. 592, 81 L.Ed. 789.

No. 20128—Affirmed.

No. 20251—Reversed.